# NO. 12-09-00135-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***KENNETH DEXTER FOLMAR,*** *APPELLANT* | § | ***APPEAL FROM THE SECOND*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT OF*** |
| ***THE STATE OF TEXAS,*** *APPELLEE* | § | ***CHEROKEE COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Kenneth Dexter Folmar appeals his conviction for aggravated sexual assault, following the revocation of his deferred adjudication community supervision, for which he was sentenced to imprisonment for fifty years. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault and pleaded guilty. The indictment alleged that Appellant penetrated the sexual organ of a child with his sexual organ.[1] The trial court deferred adjudicating Appellant guilty and ordered that Appellant be placed on community supervision for eight years. The State filed a motion to proceed to final adjudication, alleging that Appellant had violated certain conditions of his community supervision. The trial court conducted a hearing on the State's motion. After the hearing, the trial court found that Appellant had violated the conditions of his community supervision as

---

[1] The child was six years old at the time of the assault.

alleged in the State's motion. The trial court subsequently revoked Appellant's community supervision, adjudicated Appellant guilty of aggravated sexual assault, and sentenced Appellant to imprisonment for fifty years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. This brief demonstrates that counsel has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further demonstrates that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the appeal is *dismissed*.[3]

By *per curiam* opinion May 19, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)

---

[2] Counsel has provided us with a letter wherein he provided Appellant with a copy of his brief and advised Appellant of the right to file a *pro se* brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have received no *pro se* brief.

[3] Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n. 35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review *pro se*. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* *In re Schulman*, 252 S.W.3d at 408 n. 22.